Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Donald E. Walter | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2290 | **DATE** | 3/11/2002 |
| **CASE TITLE** | Stallings-Daniel vs. Northern Trust Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's second motion to compel [37-1] is granted in part and denied in part and plaintiff's third motion to compel [44-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 12 2002 | 58 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | cm docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 3/11/2002 | |
| ✓ | Copy to judge/magistrate judge. | 02 MAR 11 PM 4:25 | date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY STALLINGS-DANIEL ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 2290 |
| v. ) | |
| ) | Judge Donald E. Walter |
| THE NORTHERN TRUST COMPANY, ) | Mag. Judge Mason |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Before us are plaintiff's second and third motions to compel documents and other information from the defendant. We will address each motion in turn.

Plaintiff's second motion to compel and defendant's response are quite representative of the misunderstandings, half-truths and disingenuous behavior that has characterized both sides of the discovery disputes in this case so far. Given that the plaintiff has two other pending discovery motions, this is not the last time that the Court will be compelled to referee, even though it seems that at least some of the disputes could be resolved if the parties would talk to each other honestly instead of looking for areas in which to disagree.

This particular motion on its face requests only that we order the re-deposition of defendant's Rule 30(b)(6) deponent on the sole issue of the qualifications of Mr. Darren Foote, an individual whom plaintiff contends was unfairly promoted "sooner" than she was (the need for the quotations will subsequently become clear). However, elsewhere in the body of the motion, plaintiff also asks for the opportunity to depose this 30(b)(6) witness on additional documents that she received from the defendant on the morning of the

deposition, too later for her to review them, and also to have him testify about entirely new issues. In her reply, she additionally asks for the right to redepose several of plaintiff's supervisors regarding documents the defendant did not produce until after the initial depositions had been completed.

In her initial notice of deposition for a 30(b)(6) witness, plaintiff asked defendant to identify a person who could testify about, *inter alia*, "the qualifications of Rory Ross and Darrin Foote for the 2nd Vice President promotion and why they were qualified to be promoted sooner than Plaintiff." Defendant responded by letter that it had designated Pete Magrini to testify on this and one other issue, and that it would address any objections or resolutions it had to the remaining matters listed in the notice of deposition shortly.

At the deposition and again in its reply brief, defendant argued that Magrini should not have to testify about Foote's qualifications or the reasons he was promoted "sooner" than plaintiff because in fact, Foote and the plaintiff were promoted on the same day. The plaintiff explains that because Foote was hired approximately two years after she was, and because he held the general officer position for a shorter period of time than she did before they were both promoted to 2nd Vice President, Foote was in fact promoted sooner.[1] Defendant objected at the deposition to having Magrini testify about the reasons Foote was promoted in a shorter amount of time because it contends that this topic was not identified

---

[1] Defendant states in its reply that in fact, Foote held the general officer title for one month less than plaintiff at the time they were both promoted. Plaintiff does not dispute this fact, but notes that Foote had worked for defendant for two years less than the plaintiff at the time he was promoted.

2

with "reasonable particularity" as required by case law and Fed.R.Civ.P. 30(b)(6).[2]

We disagree with defendant's position and thus order it to produce Magrini at its own cost to testify as a 30(b)(6) witness on the issues of Darrin Foote's qualifications and why he was promoted in a shorter period of time than the plaintiff.[3] Prior to the deposition, defendant had informed the plaintiff that it designated Magrini to testify about the reasons that both Ross and Foote were promoted "sooner" than the plaintiff. In order to make such a designation, the defendant needed to perform at least a basic investigation regarding the subject matter of the deposition so that it could adequately prepare Magrini to testify. *See Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 509, 2001 WL 817853 (N.D.Ill., July 19, 2001) (a corporation has the duty to designate and adequately prepare its 30(b)(6) witness to testify on specified issues). If it was at all confused about the plaintiff's use of the word "sooner", it should have asked the plaintiff for clarification prior to the deposition instead of indicating to her in writing that Magrini would testify about both Foote and Ross. Further, contrary to the defendant's argument, we do not believe that the plaintiff's characterization of the deposition topics is too vague. It is a reasonable interpretation of the deposition notice that the plaintiff wished to inquire into the reasons that two individuals were promoted in a shorter time period than she was. Ross' promotion track was allegedly

---

[2] Specifically, defendant notes that plaintiff used the word "sooner" to describe the promotion track of both Foote, who was actually promoted on the same day as plaintiff, and employee Rory Ross, who was in plaintiff's training class and was promoted to 2nd Vice President on an earlier date. Defendant contends that using the word "sooner" to mean (in its view) two different things was not consistent with the notice requirement of Rule 30(b)(6).

[3] Defendant indicates that it told plaintiff's attorney that Magrini may not be the person to testify on the "new" issue of Foote's promotion history. If that is the case, defendant must produce another properly prepared witness to testify, at its own expense.

3

shorter because he started at the same time as the plaintiff and became a 2nd Vice President at an earlier date. Foote's promotion track was allegedly shorter because he started work after the plaintiff but was promoted at the same time she was. Thus, defendant's objections are not well taken and it must produce Magrini for redeposition.

The parties also spend time in their briefs arguing about documents the defendant produced to the plaintiff the morning of Magrini's deposition, which plaintiff contends she did not have any time to review prior to the deposition. Defendant argues that plaintiff should have reserved time at the end of the deposition so she could continue it on another day after she reviewed the documents; plaintiff contends that the defendant informed her that he refused to produce Magrini at another time to be deposed on the new documents. Without deciding whose version of the facts is accurate, we order defendant to produce Magrini to be redeposed on the documents first produced the morning of his deposition. Plaintiff is responsible for the costs associated with this deposition.[4] Plaintiff also asks that Magrini be designated a 30(b)(6) deponent to testify on what are apparently entirely new areas of inquiry regarding the general promotion structure at Northern Trust. We deny this request because the current motion does not provide any basis or support for it.

Next, plaintiff asks in her reply brief to be allowed to reopen the depositions of two of plaintiff's supervisors for the limited purpose of deposing them on documents that were produced by defendant after the parties appeared in Court on plaintiff's first motion to compel. Since these documents were arguably due prior to the depositions of the

---

[4] To the extent that Magrini testifies regarding the documents at the same deposition where he appears as a 30(b)(6) deponent on the Foote promotion issue, the parties should apportion the costs of the deposition appropriately.

4

supervisors, we will allow plaintiff to redepose Vicino and Alexander for one hour each on the documents produced February 1, 2002, with the parties splitting the cost of such depositions.[5]

Finally, plaintiff asks to be awarded the costs and fees associated with filing this motion. Since a substantial part of the motion could have been avoided if defendant's counsel had spoken to plaintiff's counsel about the meaning of the word "sooner" prior to Magrini's deposition, we order defendant to pay plaintiff's counsel for two hours of her time at her regular hourly rate, to partially compensate her for the time she spent preparing this motion.

Plaintiff's third motion to compel concerns a single document that was produced to her with portions redacted, which she wishes to see in unredacted form. We deny this request. Defendant explains that the redacted portions of the e-mail at issue concern compensation information for employees other than the plaintiff who were not supervised by the plaintiff's supervisors or otherwise related to her. We see no reason to allow the plaintiff (or her attorney) to review this information, despite plaintiff's baseless speculation that such information could lead to admissible evidence.[6]

---

[5] We recognize that this request was not part of plaintiff's original motion, but we wish to avoid the additional expense that would accrue if we required the plaintiff to file yet another motion to compel and so deal with this issue here.

[6] Plaintiff argues that defendant made certain arguments against production of the unredacted document during Magrini's deposition that are different from the ones it makes in its brief, and that this is evidence that the redacted portions could be relevant. We disagree. It is not unreasonable that defendant's attorney could not be certain during the deposition of the reasons that defendant redacted one particular e-mail out of many documents it has produced and we see no reason to disbelieve defendant.

For the above reasons, we grant plaintiff's second motion to compel in part and deny it in part and deny plaintiff's third motion to compel. It is so ordered.

ENTER:

*Michael T. Mason*

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: March 11, 2002**