Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Donald E. Walter | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2290 | **DATE** | 3/11/2002 |
| **CASE TITLE** | Stallings-Daniel vs. Northern Trust Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion to reconsider this Court's order denying plaintiff's motion to compel electronic discovery [45-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | **MAR 1 2 2002** date docketed | 59 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | 3/11/2002 | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| KF | courtroom deputy's initials | 02 MAR 11 PM 4: 25 | KF mailing deputy initials | |
| | | 01 C ___ Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHIRLEY STALLINGS-DANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 2290 |
| v. ) | |
| ) | Judge Donald E. Walter |
| THE NORTHERN TRUST COMPANY, ) | Mag. Judge Mason |
| ) | |
| Defendant. ) | |

DOCKETED
MAR 1 2 2002

## MEMORANDUM OPINION AND ORDER

Employment discrimination plaintiff Shirley Stallings-Daniel has filed a motion asking that we reconsider our order denying her use of an expert to conduct so-called "electronic discovery" of defendant The Northern Trust Company's e-mail system. Stallings-Daniel originally argued that some of the e-mails defendant produced to her in hard copy in response to her document requests appeared incomplete, either because they did not show the entire chain of recipients or because they referred to other e-mails she did not think she had. We denied her request because it was supported by nothing more than speculation that defendant had somehow altered its e-mails before producing them. Additionally, defendant agreed to search its archives to try to determine if any of the supposedly missing e-mails existed.

In support of her motion for reconsideration, plaintiff argues that she has recently become aware of "new" information that adds weight to her speculation that the defendant has altered some of its e-mail documentation before producing it. This "new" information is her discovery that in a previous employment discrimination case (the Madura case) involving another employee and different counsel for both plaintiff and defendant, Northern



Trust redacted several documents it produced to the EEOC and did not identify them as redacted. During that lawsuit, Northern Trust produced the unredacted documents to the plaintiff some time after it produced the redacted ones. Plaintiff here argues that since the individual who redacted the documents in the previous case – Richard Bordelon – also produced documents to the EEOC in this case, then certain "suspicious" e-mails produced to the plaintiff very possibly were altered before production.[1]

None of plaintiff's evidence supports her speculations about the documents she wishes to have examined by electronic discovery. Plaintiff wishes to have us review the discovery history of a settled case that was before a different judge and hold that because defendant may have committed some sort of discovery abuse there[2], it must also be guilty of similar conduct here, justifying electronic discovery for documents she is not sure even exist. Even if we did find that defendant had acted questionably in the Madura case, none of the documents plaintiff wishes to have examined here were produced by Bordelon, the individual responsible for the Madura redaction. Further, defendant both explains the events that led to the redactions in the Madura case, and also reconstructs the chain of e-

---

[1] Plaintiff wishes to conduct electronic discovery on four specific documents: promotion lists, an e-mail concerning a performance review update discussion between the plaintiff and her supervisor, a memo discussing plaintiff's reaction to the update discussion, and the "predicate" for that memo, by which we assume the plaintiff means the request from another of plaintiff's supervisor's for information about plaintiff's review.

[2] Absent any court decision detailing and discussing defendant's actions in the previous case, we decline to form any opinion on its alleged activity. Stallings-Daniel's attorney submitted an affidavit setting forth her discussion with the Madura plaintiff's attorney, which stated that upon learning of the redaction, Magistrate Judge Ashman appeared "angry and upset". This third party recitation of another's judge's perceived attitude on the bench is hardly evidence to support a finding that defendant committed discovery abuse.

mails already produced to the plaintiff to demonstrate to her that none are missing.

Finally, plaintiff deconstructs some of the documents Bordelon produced to the EEOC in this case to try to prove that he was again "guilty" of misleading the EEOC by producing incorrect documents (and thus, she deserves electronic discovery of unrelated documents). After examining the documents in question, the EEOC's requests, Bordelon's responses and his affidavit, we are not convinced that Bordelon provided misleading information to the EEOC. Any questions plaintiff has about the documents and the format in which they were created and produced should have been addressed during her deposition of Bordelon. Nothing in the documents produced justifies an intrusive and wholly speculative electronic investigation into defendant's e-mail files. Thus, plaintiff's motion for reconsideration is denied. It is so ordered.

**ENTER:**

**MICHAEL T. MASON**
**United States Magistrate Judge**

Dated: March 11, 2002

3