Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Donald E. Walter | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2290 | **DATE** | 3/18/2002 |
| **CASE TITLE** | Stallings-Daniel vs. Northern Trust Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for leave to compel defendant to increase time to depose Kay Vicino and respond to certain requests is granted. For the reasons stated in the attached Memorandum Opinion and Order, the actual motion to compel is granted in part, denied in part and defendant is allowed the opportunity to respond to the remaining matters before the court renders a decision. Defendant must file its response brief by 3/29/02; plaintiff must file her reply by 4/8/02. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 1 9 2002 | 65 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/18/2002 | |
| KF | courtroom deputy's initials | 02 MAR 18 AM 11:06 Date/time received in central Clerk's Office | date mailed notice KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SHIRLEY STALLINGS-DANIEL )
)
Plaintiff, )
) No. 01 C 2290
v. )
) Judge Donald E. Walter
THE NORTHERN TRUST COMPANY, ) Mag. Judge Mason
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff in this employment discrimination case has filed two more discovery motions seeking to obtain evidence from the defendant, Northern Trust. One seeks leave to compel the defendant to comply with various parts of her fifth set of document requests, fourth set of requests for admissions, sixth set of interrogatories, and an extra interrogatory she served with leave of court. The second motion asks that the Court determine the sufficiency of defendant's objections to her fifth set of requests for admissions. As is apparent from the mere recitation of the substance of the motions, discovery in the case is getting out of hand. A review of the plaintiff's requests indicates that many of them relate to discovery issues that the parties have been discussing and disputing for months, and which the plaintiff believes have not been adequately addressed. We do not entirely agree with plaintiff's characterization of what documents are still outstanding and/or even relevant to her claims, but find that in order to put an end to some of the outstanding discovery disputes they need to be addressed. Therefore, since plaintiff's motion for leave to file a motion to compel contains argument and nine exhibits, we will consider it her motion to compel. As explained below, we grant some of her requests and deny some



others outright, and allow the defendant to file a response to the remaining requests before we make a final determination about them.

Plaintiff's Fifth Request for Production of Documents:

This request encompassed 14 separate categories of documents, of which plaintiff has withdrawn two and one subpart of a third. Many of the requests cover documents which were (or should have been) already produced. For example, in open court, defendant stated that it would search for any e-mail documents that are referenced in other, already produced e-mails. Thus, to the extent it can, defendant must certify to the plaintiff that it has looked for and produced, or is unable to locate, all documents responsive to each request. For any requests that the defendant objects to on relevance grounds, it may file a short brief explaining its objection, to which the plaintiff may reply. Defendant does not need to identify documents it has already produced by bates label according to the plaintiff's newly listed categories. Northern Trust has already identified the documents as responsive to earlier requests; it does not need to review them a second time and recategorize them according to plaintiff's additional theories of her case.[1]

Plaintiff's Fourth Set of Requests to Admit

A number of plaintiff's requests to admit are not proper, as they do not seek the admission of facts relevant to the case, but instead attempt to "test" various employees of defendant on their diligence in searching for documents. Rule 36 is not a discovery device,

---

[1] For example, request seven asks Defendant to produce or identify all documents which it relies on "to support Kay Vicino's alleged reasons for her reluctance to appoint Plaintiff as Valuations Team Leader." Plaintiff has already deposed Vicino and still has time remaining to complete the deposition. She can question Vicino about her alleged reluctance then.

2

but rather a procedure for obtaining admissions for the record of facts already known by the seeker. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2253 (1994). "The purpose of Rule 36 is to allow parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) *cited in Anderson v. City of Wood Dale, Illinois*, No. 93 C 425, 1997 WL 43417 (N.D.Ill., January 28, 1997). Requests to admit 1, 2, and 3 are not designed for this purpose, indeed, they appear to challenge the defendant's veracity regarding its search for documents. Therefore, defendant's objections to requests 1, 2, and 3 are upheld.

Requests to admit 4 through 22 are apparently designed to support plaintiff's belief that defendant's EEO officer, Richard Bordelon, intentionally submitted a position statement and documentary evidence to the EEOC that misrepresented various facts regarding plaintiff's complaints of discrimination and the racial makeup of plaintiff's department and of individuals who were promoted to 2nd Vice President. Regardless of the possible relevancy of this inquiry, requests 8, 9, 10, 13, 21 and 22 are vague, and thus improperly worded, so defendant's objections to them are upheld.[2]

The remaining requests to admit are arguably proper, even though some of them ask for admissions of opinions. *See* Fed.R.Civ.P. 36. However, since the subject matter of some of the requests has already been discussed in depositions, interrogatories, and

---

[2] For example, requests 8 and 9 ask defendant to admit whether Bordelon "purposefully" omitted certain information about the plaintiff from his position statement to the EEOC. The word "purposefully" is vague and subject to differing interpretations and thus these requests are improper. Similarly, the words "accurately" and "knowingly misled" (sic) are vague and thus improper subjects of requests to admit.

3

previous briefs filed with the Court, we will allow the defendant to file a response brief before deciding whether to order it to either admit, deny, or set forth in detail the reasons it can do neither to requests 4, 5, 6, 7, 11, 12, 14, 15, 16, 17, 18, 19, 20, 23 and 24. We recognize that Northern Trust believes that content of its submissions to the EEOC was entirely proper. However, defendant's reasons for making certain submissions, and the plaintiff's different opinion about those reasons, is not a proper subject of this motion. The parties will have the opportunity to discuss the legal implications of each of their actions in the context of a motion for summary judgment or at trial.

Plaintiff's Interrogatory Served With Leave of Court

In open court and pursuant to our January 24, 2002 order, we allowed the plaintiff to serve an additional interrogatory, with subparts, "regarding the identification of team leaders and employees under the supervision of plaintiff's supervisors from January, 1998 to December, 1999." The interrogatory plaintiff eventually served, with eleven discrete subparts, asks for information beyond the scope contemplated by our order. Thus, Northern Trust is ordered to answer subparts a, b, c, and j of the interrogatory only, except that for subpart j, Northern Trust should identify every employee who worked on each team identified in subpart b.

Plaintiff's Sixth Set of Interrogatories

Defendant indicates in its objections to these interrogatories that it intends to file a protective order regarding them and we will allow it to do so before examining the substance of any of the requests. Plaintiff will be given the opportunity to file a brief reply.

For the above reasons, plaintiff's motion for leave to file a motion to compel is granted and the actual motion to compel is granted in part, denied in part and defendant

4

is allowed the opportunity to respond to the remaining matters before we render a decision. Defendant must file its response brief by March 29, 2002; plaintiff must file her reply by April 8, 2002. It is so ordered.

ENTER:

*[signature: Michael T. Mason]*

MICHAEL T. MASON
United States Magistrate Judge

Dated: March 18, 2002